IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-03065-WYD

POSTNET INTERNATIONAL FRANCHISE CORPORATION,

      Plaintiff,

v.

ARTHUR JONES, and
CAROLYN JONES,

      Defendant.

_____

### ORDER
_____

THIS MATTER is before the Court on PostNet International Franchise

Corporation's Motion For Default Judgment [ECF No. 16].  For the reasons stated

below, the motion is DENIED IN PART and GRANTED IN PART.

### BACKGROUND

On November 20, 2012, PostNet International Franchise Corporation filed this

suit against defendants, Arthur and Carolyn Jones ("the Defendants"), alleging claims

for:  (1) breach of contract; (2) trademark infringement; (3) unfair competition; and, (4)

misappropriation of trade secrets. ECF No. 1.  PostNet also requests permanent

injunctive relief and an order compelling the parties to proceed to arbitration on

PostNet's breach of contract claim and any claims not exempt from arbitration.

"PostNet is a franchisor of PostNet retail stores that provide[s] a broad array of

printing and document services, graphic design, web and marketing services, shipping,

packaging and mailing services, and other related business services." ECF No. 1, p. 2,

- 1 -

¶ 4.  On April 15, 2003, PostNet entered into a Franchise Agreement [ECF No. 16-1] with the Defendants which granted the Defendants the right to open and operate a PostNet retail store.  Pursuant to the Franchise Agreement, the Defendants opened a PostNet retail store in Rancho Cucamonga, California.

PostNet alleges that the Defendants breached the Franchise Agreement in eight different ways. ECF No. 1, p. 7, ¶ 24.  By letter dated November 6, 2012, PostNet terminated the Franchise Agreement.  PostNet alleges that despite termination of the Franchise Agreement, the Defendants continue to use PostNet's protected information and proprietary marks, thereby compromising and diluting PostNet's integrity and goodwill.  PostNet filed this suit on November 20, 2012.  On January 10, 2013, PostNet filed a Motion For Default Judgment [ECF No. 16], arguing that default judgment is proper because the Defendants have failed to appear and defend themselves in this action.  As of Monday, September 30, 2013, the Defendants have neither:  (1) entered an appearance; (2); answered the Complaint [ECF No. 1]; nor, (3) responded to any of PostNet's motions.

## ANALYSIS

### A.  PostNet's Motion For Default Judgment [ECF No. 16]

Pursuant to Rule 55(a) of the FEDERAL RULES of CIVIL PROCEDURE, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  After entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 U.S. Dist. LEXIS 98625, *3 (D. Colo. Dec. 3, 2008).  This

necessarily includes a finding that:  (1) this Court has subject matter jurisdiction over the plaintiff's claims; (2) this Court can assert personal jurisdiction over the defendants; (3) the Clerk properly entered an entry of default; (4) the plaintiff states valid claims for relief; and, (5) damages can be ascertained.

### 1.  Subject Matter Jurisdiction

PostNet's claims for trademark infringement and unfair competition are brought pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).  Thus, this Court has federal question subject matter jurisdiction over these claims because they arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over PostNet's breach of contract and misappropriation of trade secrets claims because they are "so related" to PostNet's federal claims "that they form part of the same case or controversy . . . " 28 U.S.C. § 1367(a).  Further, this Court has diversity subject matter jurisdiction over all of PostNet's claims because:  (1) PostNet is a citizen of both Nevada and Colorado[1]; (2) the Defendants are citizens of California[2]; and, (3) the amount in controversy *i.e.*, the harm to PostNet if an injunction is not granted, exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Therefore, this Court has subject matter jurisdiction over PostNet's claims.

### 2.  Personal Jurisdiction

Parties may consent to the personal jurisdiction of this Court. *United States v. Vreeken*, 803 F.2d 1085, 1089 (10th Cir. 1986) ("Although parties can consent to personal jurisdiction, it is well settled they cannot consent to subject matter jurisdiction").

---

[1] PostNet is incorporated in Nevada and has its principal place of business in Denver, Colorado. ECF No. 1, p. 2, ¶ 4; *see* 28 U.S.C. 1332(c)(1) (a corporation is a citizen in the state in which it is incorporated and the state where it has its principal place of business).

[2] ECF No. 1, p. 2, ¶¶ 5-6.

Pursuant to ¶ 23.5 of the Franchise Agreement:

> To the extent that a judicial action is permitted by the Agreement, any such action brought by the Store Owner against PostNet shall be brought exclusively, and any such action brought by PostNet against Store Owner may be brought, in the federal district court covering the location at which PostNet has its principal place of business at the time the action is commenced; provided, however, that if the federal court would not have subject matter jurisdiction had the action been commenced in such court, then, in such event, the action shall (with respect to actions commenced by Store Owner), and may (with respect to actions commenced by PostNet), be brought in the state court within the judicial district in which PostNet has its principal place of business at the time the action is commenced. ***The parties waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision***.

ECF No. 16-1, pp. 33-34, ¶ 23.5 (emphasis added).  The Defendants signed the Franchise Agreement, and this provision's plain language clearly evidences the parties' willingness to consent to the personal jurisdiction of this Court.  Specifically, the parties agreed that any action permitted by the Franchise Agreement may be brought in the federal district court where PostNet has its principal place of business.  "PostNet is a Nevada corporation with its principal place of business in Denver, Colorado." ECF No. 1, p. 2, ¶ 4.  As such, I find that the exercise of personal jurisdiction over the Defendants is proper.

### 3. Clerk's Entry of Default [ECF No. 14]

The Clerk of Court entered an Entry of Default [ECF No. 14] against the Defendants on January 7, 2013.  At that time, the Defendants had neither:  (1) entered an appearance; (2) answered PostNet's complaint; nor, (3) responded to PostNet's Motion For Entry Of Default [ECF No. 11].  Further, PostNet filed the affidavit [ECF No. 13] of its counsel, Scott C. Sandberg, in which he declares that the Defendants were

served a copy of the Complaint [ECF No.1] on November 27, 2012[3], and that the

Defendants have failed to file a responsive pleading within the 21 day time frame set by

FED. R. CIV. P. 12(a)(1)(A)(i) *i.e.*, December 18, 2012.  Thus, the Clerk's Entry of

Default [ECF No. 14] was proper.

### 4.  PostNet's Claims

PostNet alleges the following claims:  (1) breach of contract; (2) trademark

infringement; (3) unfair competition, and, (4) misappropriation of trade secrets.  PostNet

also requests injunctive relief along with an order compelling the parties to proceed to

arbitration on PostNet's breach of contract claim and any other claim not exempt from

arbitration.  To note, PostNet's claims under the Franchise Agreement survive its

termination.  Pursuant to ¶ 14.10 of the Franchise Agreement:

> All covenants, obligations, and agreements of Store Owner
> [the Defendants] which by their terms or by reasonable
> implication are to be performed, in whole or in part, after the
> termination or expiration of this Agreement, ***shall survive
> such termination or expiration***.

ECF No. 16-1, p. 27, ¶ 14.10 (emphasis added).

### a.  Breach of Contract

The Franchise Agreement's arbitration clause states, in pertinent part:

> Except for any actions brought with respect to:  (i) ownership
> or use of the Proprietary Marks; (ii) issues concerning the
> alleged violations of federal or state antitrust laws; (iii)
> securing injunctive relief or specific performance pursuant to
> Section 23.7 of this Agreement; or (iv) the right to
> indemnification or the manner in which it is exercised, ***any
> claim or controversy arising out of or related to this
> Agreement, or the making, performance, breach,
> interpretation, or termination thereof, shall be finally***

---

[3] Sandberg declares in his affidavit that the Defendants were served on November 27, ***2007***.  However, upon review of the case file, I believe this to be a clerical error and believe that the date was intended to read as November 27, ***2012***.

> ***settled by arbitration*** pursuant to the then-prevailing
> Commercial Arbitration Rules of the American Arbitration
> Association or any successor thereto, by one arbitrator
> appointed in accordance with such rules.

ECF No. 16-1, p. 33, ¶ 23.4 (emphasis added).  This arbitration clause mandates that any claim related to an alleged breach of the Franchise Agreement "shall be finally settled" by arbitration. *Id.*  Thus, a judgment by this Court regarding PostNet's breach of contract claim is not proper.  That said, the parties shall arbitrate PostNet's breach of contract claim and any other claim arising out of or related to the Franchise Agreement that is subject to arbitration pursuant to ¶ 23.4 of the Franchise Agreement.

### b.  Trademark Infringement

In order to prevail on a claim for trademark infringement, a plaintiff must establish that:  (1) "he is the owner of a valid, protectable mark;" and, (2) "that the alleged infringer is using a confusingly similar mark." *Russell Rd. Food & Bev., LLC v. Spencer*, 2013 U.S. Dist. LEXIS 11034, *4 (D. Nev. Jan. 28, 2013).[4]  PostNet sufficiently alleges a trademark infringement claim in ¶¶ 28 and 38-47 of its Complaint [ECF No.1]. Further, the Franchise Agreement clearly states that PostNet owns any and all "PostNet" proprietary marks. ECF No. 16-1, p. 13, ¶ 7.  PostNet's allegations coupled with the Franchise Agreement's [ECF No. 16-1] terms and conditions create a legitimate basis for entry of judgment in favor of PostNet on its trademark infringement claim.

---

[4] Pursuant to ¶ 23.1 of the Franchise Agreement, "any claim or controversy arising out of or related to this Agreement, or the making, performance, breach, interpretation, or termination thereof, ***shall be interpreted and construed exclusively under the laws of Nevada***." ECF No. 16-1, p. 32, ¶ 23.1 (emphasis added).

### c.  Unfair Competition

In order to prevail on a claim for unfair competition under § 43 of the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must establish that:  (1) he owns the mark; (2) the mark is valid and protectable; and, (3) "the Defendants are using a mark that is confusingly similar . . . " *Well Care Pharm II, LLC v. W' Care*, LLC, 2013 U.S. Dist. LEXIS 89771, *5 (D. Nev. June 24, 2013) (citations omitted).  PostNet sufficiently alleges that it owns the proprietary marks at issue, the proprietary marks are protectable, and that the Defendants' use of such marks is likely to confuse the public.  Further, as stated above, the Franchise Agreement clearly states that PostNet owns any and all "PostNet" proprietary marks. ECF No. 16-1, p. 13, ¶ 7.  Thus, PostNet's allegations and the Franchise Agreement's [ECF No. 16-1] terms and conditions create a legitimate basis for entry of judgment in favor of PostNet on its unfair competition claim.

### d.  Misappropriation of Trade Secrets

Pursuant to Nevada state law, a person who misappropriates a trade secret "with intent to injure an owner of a trade secret or with reason to believe that his or her actions will injure an owner of a trade secret" is liable for misappropriation of trade secrets under Nevada's Uniform Trade Secrets Act. NEVADA REVISED STATUTES § 600A.035.  PostNet sufficiently alleges that the Defendants misappropriated PostNet's proprietary marks and other trade secrets with the purpose of injuring PostNet. ECF No. 1, p. 12, ¶¶ 59-60.  Such allegations create a legitimate basis for entry of judgment in favor of the PostNet on its misappropriation of trade secrets claim.

### e.  Injunctive Relief

Upon review of PostNet's Complaint [ECF No. 1], its Motion For Default Judgment [ECF No. 16], and mindful that the Clerk of Court properly entered an Entry of Default [ECF No. 14] against the Defendants, I find that PostNet is entitled to permanent injunctive relief.  Therefore, the Defendants shall:  (1) refrain from any use of the PostNet system; (2) refrain from any use of the proprietary marks and any words or symbols which are colorable imitations of the proprietary marks; (3) provide PostNet with all materials in the Defendants' possession containing the proprietary marks, colorable imitations of the proprietary marks, and/or the System; and, (4) cease directly and/or indirectly participating in any business offering products or services that are similar to PostNet's products and services within the "Protected Territory" for a period of one year.  The definition of any term of art in this section shall be determined in accordance with Franchise Agreement [ECF No. 16-1].

### 5.  Damages

Default judgment cannot be entered until the amount of damages can be ascertained. *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. Feb. 2, 1984).  A default judgment for money damages must be supported by proof. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).  This requirement ensures that plaintiffs are not awarded more damages than can be supported by actual evidence. *Id.*; *see also* FED. R. CIV. P. 54(c) ("[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings").

PostNet did not request monetary damages in its Complaint [ECF No. 1]. *See e.g.*, ECF No. 1, p. 9, ¶¶ 30-31 ("This goodwill cannot be re-captured or recompensed

with money damages.  Defendants' actions are severely damaging the value of the

System in a manner that cannot be recompensed with money damages").  This is

further evidenced by PostNet's Proposed Order [ECF No. 16-2] which is silent regarding

monetary relief.  The specific relief requested by PostNet is a permanent injunction

against the Defendants and an order mandating that the parties arbitrate PostNet's

breach of contract claims and all claims that are not exempt from arbitration.  Thus,

there are no damages to ascertain.

        For the reasons stated above, I find that entry of default judgment in favor of

PostNet against the Defendants is proper.

## B.  Attorney Fees

        PostNet argues that it is entitled to reasonable attorney fees incurred in bringing

this action.  The Franchise Agreement states in at least four separate provisions that in

the event the Defendants violate certain Franchise Agreement terms and conditions,

they shall pay reasonable attorney fees incurred as a result of their actions. *See* ECF

No. 16-1, p. 16, ¶ 8.4 / p. 26, ¶¶  14.6 – 7 / p. 27, ¶ 15.8 / p. 33, ¶¶ 23.4 and 23.7.

Thus, pursuant to the Franchise Agreement, PostNet is entitled to reasonable attorney

fees.

## CONCLUSION

        After careful consideration of the matters before this Court, it is

        ORDERED that PostNet International Franchise Corporation's Motion For Default

Judgment [ECF No. 16] is **DENIED IN PART** and **GRANTED IN PART**.

        The motion [ECF No. 16] is **DENIED** to the extent that PostNet seeks judgment

in its favor regarding its breach of contract claim.  The Franchise Agreement's

arbitration clause [ECF No. 16-1, p. 33, ¶ 23.4] mandates that any claim for breach of the Franchise Agreement shall be settled through arbitration.  Therefore, any judgment by this Court regarding PostNet's breach of contract claim is not proper.  As such, it is

FURTHER ORDERED that the parties **shall submit PostNet's breach of contract claim and any other claim not exempt from arbitration, to arbitration in accordance with the Franchise Agreement's [ECF No. 16-1] terms and conditions. Pursuant to ¶ 23.4 of the Franchise Agreement [ECF No. 16-1], arbitration shall take place in Denver, Colorado, as that is PostNet's principal place of business.** *See* ECF No. 16-1, p. 33, ¶ 23.4 ("All arbitration proceedings shall take place in Henderson, Nevada, or, if PostNet's principal place of business shall be at another location at the time that mediation is sought, in the city of PostNet's principal place of business").

The motion [ECF No. 16] is **GRANTED** to the extent that PostNet seeks:  (1) a permanent injunction against the Defendants; and, (2) judgment in its favor on claims for trademark infringement, unfair competition, and misappropriation of trade secrets. As such, it is

FURTHER ORDERED **that the Defendants, their agents, servants, and employees are ENJOINED and RESTRAINED from any use of the PostNet system and any use of the proprietary marks and any words or symbols which are colorable imitations of the proprietary marks**.  It is

FURTHER ORDERED that the Defendants shall **RELINQUISH POSSESSION and RETURN to PostNet all materials in the Defendants' possession (including the Defendants' agents, servants, and employees) regarding the PostNet system,**

**including but not limited to the proprietary marks and any and all colorable imitations of the proprietary marks.  The Defendants shall tender all such property to PostNet on or before Monday, October 21, 2013.**  It is

FURTHER ORDERED that **pursuant to ¶ 15.3 of the Franchise Agreement [ECF No. 16-1], the Defendants shall not own, maintain, advise, operate, engage in, be employed by, make loans to, or have any interest in or relationship or association with a business which offers the same or similar products or services as those offered by PostNet, which is located at or within a ten mile radius of 7375 Day Creek Boulevard, Unit #103, Rancho Cucamongo, California, 91739.  The definition of any term of art relating to this injunction shall be determined in accordance with Franchise Agreement [ECF No. 16-1].**  It is

FURTHER ORDERED that judgment is **ENTERED IN FAVOR** of PostNet, against the Defendants, on PostNet's claims for:  (1) trademark infringement; (2) unfair competition; and, (3) misappropriation of trade secrets.  It is

FURTHER ORDERED that PostNet **shall file:  (1) a bill of costs in accordance with the time limitations set for by D.C.COLO.LCivR 54.1; and, (2) a motion for attorney fees pursuant to D.C.COLO.LCivR 54.3.**  It is

FURTHER ORDERED that PostNet **shall file a Status Report on or before Monday, October 21, 2013, apprising the Court whether the Defendants have fully complied with the terms of this Order**.

Dated:  September 29, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge