IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-03065-WYD-CBS

POSTNET INTERNATIONAL FRANCHISE CORPORATION,

    Plaintiff,

v.

ARTHUR JONES, and
CAROLYN JONES,

    Defendants.

## ORDER

    THIS MATTER is before the Court on review of the record and defendant, Arthur Jones's, phone call to chambers on Tuesday, December 17, 2013.

## BACKGROUND

    On November 20, 2012, PostNet International Franchise Corporation filed this suit against defendants, Arthur and Carolyn Jones ("the Defendants"), alleging claims for:  (1) breach of contract; (2) trademark infringement; (3) unfair competition; and, (4) misappropriation of trade secrets. ECF No. 1.  PostNet also requested permanent injunctive relief and an order compelling the parties to proceed to arbitration on PostNet's breach of contract claim and any claims not exempt from arbitration.

    "PostNet is a franchisor of PostNet retail stores that provide[s] a broad array of printing and document services, graphic design, web and marketing services, shipping, packaging and mailing services, and other related business services." ECF No. 1, p. 2,

¶ 4.  On April 15, 2003, PostNet entered into a Franchise Agreement [ECF No. 16-1] with the Defendants which granted the Defendants the right to open and operate a PostNet retail store.  Pursuant to the Franchise Agreement, the Defendants opened a PostNet retail store in Rancho Cucamonga, California.

On January 10, 2013, PostNet filed a Motion For Default Judgment [ECF No. 16] requesting this Court to enter judgment in its favor, on all claims, against the Defendants because the Defendants failed to respond to the Complaint [ECF No. 1] and failed to enter an appearance.  On September 30, 2013, I issued an Order [ECF No. 19] denying in part and granting in part PostNet's Motion For Default Judgment [ECF No. 16].  Specifically, I denied the motion to the extent that PostNet sought relief on its breach of contract claim because that claim is subject to the Franchise Agreement's [ECF No. 16-1] arbitration clause. ECF No. 19, pp. 9-10.  I granted the motion to the extent that PostNet sought:  (1) a permanent injunction against the Defendants; and, (2) judgment on its claims for trademark infringement, unfair competition, and misappropriation of trade secrets. ECF No. 19, p. 10.  I further enjoined and restrained the Defendants, their agents, servants, and employees "from any use of the PostNet system and any use of the proprietary marks and any words or symbols which are colorable imitations of the proprietary marks." *Id*.  I also ordered the Defendants to "relinquish possession and return to PostNet all materials in the Defendants' possession (including the Defendants' agents, servants, and employees) regarding the PostNet system, including but not limited to the proprietary marks and any and all colorable imitations of the proprietary marks." *Id*. at pp. 10-11.  I further ordered PostNet to file a Status Report on or before Monday, October 21, 2013, "apprising the Court whether the

Defendants have fully complied with the terms of this Order." *Id.* at p. 11.   PostNet filed a Status Report [ECF No. 20] on October 21, 2013, stating that the Defendants are in violation of my September 30, 2013, Order [ECF No. 19] for the following reasons:

(1) "Defendants continue to operate a business for profit that offers the same or similar products or services as those offered by PostNet, which is located at or within a ten mile radius of 7375 Day Creek Boulevard, Unit #103, Rancho Cucamonga, California, 91739;"

(2) "Defendants are using the System to operate this business, including the distinctive store design and layout encompassed within the System;"

(3) "The exterior sign at Defendants' that previously stated 'POSTNET' has been partially obscured to now state 'NET,' a mark that is confusingly similar to the Proprietary Marks;" and,

(4) "Defendants have not returned materials relating to the PostNet System."

ECF No. 20, pp. 2-3.

On November 26, 2013, I held a hearing regarding the Defendants' alleged violation of my September 30, 2013, Order [ECF No. 19].  During the hearing, Christopher Clayton testified, via telephone, that he physically entered the Defendants' store and stated that he viewed at least two "PostNet" signs.  Clayton further stated the services that the Defendants' store provides are the same or strikingly similar to the services PostNet offers and that the Defendants have covered up part of the store sign that states "Post," so that store sign now reads "Net."  PostNet's President and Chief Operating Officer, Brian Edward Spindel, testified that he has not personally visited the Defendants' store.  However, Spindel testified that he recognized the "PostNet System" in all the pictures that were entered into evidence *i.e.*, the color and scheme layout of the store, services offered by way of signs, etc.

Based on the testimony and evidence presented at the November 26, 2013, hearing, I issued an Order To Show Cause [ECF No. 24] on December 3, 2013, ordering the Defendants to personally appear at a Show Cause Hearing on December 17, 2013, and "show cause why they should not be held in contempt for violating my September 30, 2013, Order [ECF No. 19]." ECF No. 24, p. 4.  The Defendants did not personally appear at the December 17, 2013, Show Cause Hearing and based on the entire record of this case, I found that PostNet had presented clear and convincing evidence that:  (1) a valid Court Order [ECF No. 19] was issued directing the Defendants to affirmatively act in a specified manner and refrain from acting in a specified manner; (2) the Defendants had knowledge of the Order [ECF No. 19]; and, (3) the Defendants disobeyed the Order [ECF No. 19].  Thus, pursuant to 18 U.S.C. § 401(3), I found the Defendants in civil contempt.[1]

Prior to concluding the December 17, 2013, Hearing, my Courtroom Deputy retrieved the listed phone number that the Defendants utilize under their new business name "Mailbox Pro."  I called the number and left a voicemail identifying myself as a United States Federal District Court Judge and explained that I made a finding that they are in civil contempt.  I instructed them to call my chambers in the event they had any

---

[1] Pursuant to 18 U.S.C. § 401:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
>
>> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>>
>> (2) Misbehavior of any of its officers in their official transactions;
>>
>> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

questions. Later that afternoon, defendant, Arthur Jones, called my chambers. After speaking with him briefly and not discussing the merits of this action, he assured me that he would appear via telephone at the next hearing.

## CONCLUSION

After careful consideration of the record before me, and considering a defendant's right to be heard, it is

ORDERED that a hearing is set for **Tuesday**, **January 7**, **2014**, **at 3:30 p.m. (MST), 2:30 p.m. (PST), in Courtroom A-1002. Defendant, Arthur Jones, shall appear via telephone and my Courtroom Deputy, Robb Keech, will contact Jones immediately prior to the hearing. The scope of this hearing is limited to the exact and precise civil contempt sanctions I will impose against the Defendants to ensure compliance with my September 30, 2013, Order [ECF No. 19]**.

Dated: December 18, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge