IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-03065-WYD-CBS

POSTNET INTERNATIONAL FRANCHISE CORPORATION,

    Plaintiff,

v.

ARTHUR JONES, and
CAROLYN JONES,

    Defendants.

---

## ORDER FOR CONTEMPT SANCTIONS

THIS MATTER is before the Court on review of the case file and the parties' arguments during the April 30, 2014 hearing.

On December 17, 2013, I made a finding in open court that defendants, Arthur and Carolyn Jones, were in contempt of my Order and Judgment [ECF No. 19] issued on September 30, 2013. At the January 7, 2014 Hearing, I gave the defendants an extension until February 10, 2014 to comply with my September 30, 2013 Order and Judgment [ECF No. 19]. Despite the extension, the defendants did not comply. The defendants continue to be in contempt of my September 30, 2013 Order and Judgment [ECF No. 19] such that immediate sanctions are appropriate. Among other violations, the defendants have used the property, goods, and chattels identified in Exhibit 1 to this Order ("the Property") to own, maintain, advise, operate, engage in, be employed by, or

have any interest in or relationship or association with a business which offers the same or similar products or services as those offered by plaintiff, PostNet International Franchise Corporation ("PostNet"), within a ten mile radius of 7375 Day Creek Boulevard, Unit # 103, Rancho Cucamonga, California 91739 ("the Premises"), and/or to make improper use of the Marks or System identified in my September 30, 2013 Order and Judgment [ECF No. 19]. Accordingly, it is

ORDERED that:

(1) defendants **SHALL MAKE NO FURTHER USE OR DISPLAY** of the Property at the Premises and **SHALL PERMANENTLY REMOVE** the Property from the Premises by June 1, 2014;

(2) If defendants fail to permanently remove the Property from the Premises by June 1, 2014, defendants **SHALL FORFEIT ALL RIGHTS** to the Property and PostNet shall be entitled to seize and remove any and all of the Property from the Premises with the assistance of the United States Marshal;

(3) If any persons other than defendants claim an interest in any part of the Property, the defendants **SHALL IDENTIFY** such persons, including contact information, to PostNet; and,

(4) Upon seizing and removing the Property from the Premises, PostNet and the United States Marshal are **AUTHORIZED TO TAKE, STORE, DESTROY, TRANSFER, OR OTHERWISE DISPOSE OF** the Property in any manner they deem fit. PostNet and the United States Marshal may

maintain custody of the Property but are not obligated to do so and the Property may be transferred or destroyed upon seizure and removal from the Premises.  PostNet and the United States Marshal shall not be held liable for the loss of or damage to any of the Property.

The Court reserves the right to impose any additional sanctions necessary to address the defendants' violations of this Court's Orders.

Dated:  May 16, 2014.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge

## **EXHIBIT 1**

1) Laminator
2) Document Folder
3) Binding Equipment
4) Carrier Signage for DHL, FedEx, and UPS
5) Peghooks and T-Unit Displays (2) and Slat Wall Display racks used for selling shipping materials
6) Mailboxes
7) 2 POS Registers, Monitors, and all Peripherals, including but not limited to scales, label printers, receipt printer, etc.
8) Rental Computer, Monitor, Scanner, and Printer
9) Fax Machine
10) Print Service Desk between two copiers.
11) Two Copiers
12) Wide Format Printer
13) Paper Display
14) Camera and Tripod and passport screen
15) Signage Supports
16) Paper Cutting Machine
17) Packaging Station Counter
18) Convenience Counter
19) Area Markers/Interior Signage
20) Security Gate by Mailbox.